**07 C 6836**

RAC/TKP/SPD     #15950
STATE OF ILLINOIS          )
                          )SS.
COUNTY OF COOK            )

**JUDGE PALLMEYER**
**MAGISTRATE JUDGE NOLAN**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JOHN N. HAMSTRA, SR.,                    )
MARCIA HAMSTRA,                          )
JOHN N. HAMSTRA, JR., Individually and   )
as Father and Next of Friend of          )
JACKSON ALEXANDER HAMSTRA, a minor,      )
LOGAN JOHN HAMSTRA, a minor,             )
GABRIELLA FAITH HAMSTRA, a minor, and    )
BRIDGET HAMSTRA,                         )
                                         )
                    Plaintiffs,          )
                                         )
        v.                               )     No:
                                         )
NATIONAL RAILROAD PASSENGER              )
CORPORATION d/b/a AMTRAK and             )
NORFOLK SOUTHERN RAILWAY                 )
COMPANY, a corporation,                  )
                                         )
                    Defendants.          )     *Plaintiffs Demand Trial by Jury.*

2007L013453
CALENDAR/ROOM X
TIME 00:00
Railroad FELA

FILED-19 AM 9:01

### COMPLAINT AT LAW

### COUNT I - NEGLIGENCE-COMMON CARRIER-AMTRAK -JOHN N. HAMSTRA, SR.

NOW COMES the Plaintiff, JOHN N. HAMSTRA, SR., by and through his attorneys,

CLIFFORD LAW OFFICES, P.C., complaining of Defendant, NATIONAL RAILROAD

PASSENGER CORPORATION d/b/a AMTRAK (hereinafter "AMTRAK"), states as follows:

1.      On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing

business as a common carrier engaged in the transportation of passengers and freight between

various destinations, including the City of Chicago, County of Cook, State of Illinois.

2.      On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY



EXHIBIT
**A**

COMPANY, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

3.    On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

4.    On November 30, 2007, Plaintiff, JOHN N. HAMSTRA, SR., was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

5.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

6.    On November 30, 2007, Defendant, AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

7.    On November 30, 2007, at approximately 11:32 a.m., NORFOLK SOUTHERN RAILWAY COMPANY, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the

City of Chicago, County of Cook, State of Illinois.

8.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371

struck the rear of the NORFOLK SOUTHERN RAILWAY COMPANY's freight train stopped

within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago,

County of Cook, State of Illinois.

9.    On November 30, 2007, Defendant, AMTRAK, through its duly authorized agents

and employees, was a common carrier and owed Plaintiff, JOHN N. HAMSTRA, SR., the highest

duty of care.

10.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly

authorized agents and employees, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and

operators regarding safe operation of its trains;

g. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h. Failed to slow the train pursuant to warnings on a track signal;

i. Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j. Operated a passenger train at a rate of speed that was greater than was reasonable;

k. Operated the train without keeping a safe and proper lookout; and

l. Was otherwise negligent.

11. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, JOHN N. HAMSTRA, SR., sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JOHN N. HAMSTRA, SR., demands judgment againsDefendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II - NEGLIGENCE -NORFOLK SOUTHERN RAILWAY COMPANY – JOHN N. HAMSTRA, SR.

NOW COMES the Plaintiff, JOHN N. HAMSTRA, SR., by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, (hereinafter "NORFOLK"), states as follows:

1. On and before November 30, 2007, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

2.    On and before November 30, 2007, Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

3.    On and before November 30, 2007, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

4.    On November 30, 2007, Plaintiff, JOHN N. HAMSTRA, SR., was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

5.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, NORFOLK.

6.    On November 30, 2007, Defendant, NORFOLK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train movements within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

7.    On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook,

State of Illinois.

8.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the Defendant's, NORFOLK, freight train within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

9.     On November 30, 2007, Defendant, NORFOLK, through its duly authorized agents and employees, owed Plaintiff, JOHN N. HAMSTRA, SR., a duty to exercise reasonable care.

10.     On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.   Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.   Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.   Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.   Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.   Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.   Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.   Failed to slow the train pursuant to warnings on a track signal;

h.   Failed to stop or slow the AMTRAK train number 371 to avoid a

collision;

i.   Operated a passenger train at a rate of speed that was greater than was reasonable;

j.   Operated the train without keeping a safe and proper lookout;

k.   Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

l.   Was otherwise negligent.

11.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, JOHN N. HAMSTRA, SR., sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JOHN N. HAMSTRA, SR., demands judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT III - NEGLIGENCE - COMMON CARRIER - AMTRAK – MARCIA HAMSTRA

NOW COMES the Plaintiff, MARCIA HAMSTRA, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK (hereinafter "AMTRAK"), states as follows:

1.   On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

2.   On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY, was a corporation engaged in the business of transportation of freight between various

destinations, including the City of Chicago, County of Cook, State of Illinois.

3.    On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

4.    On November 30, 2007, Plaintiff, MARCIA HAMSTRA, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

5.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

6.    On November 30, 2007, Defendant, AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

7.    On November 30, 2007, at approximately 11:32 a.m., NORFOLK SOUTHERN RAILWAY COMPANY, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

8.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the NORFOLK SOUTHERN RAILWAY COMPANY's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

9.    On November 30, 2007, Defendant, AMTRAK, through its duly authorized agents and employees, was a common carrier and owed Plaintiff, MARCIA HAMSTRA, the highest duty of care.

10.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.  Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.  Failed to slow the train pursuant to warnings on a track signal;

i.  Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.  Operated a passenger train at a rate of speed that was greater than was reasonable;

k.  Operated the train without keeping a safe and proper lookout; and

l.  Was otherwise negligent.

11.  As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, MARCIA HAMSTRA, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARCIA HAMSTRA, demands judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT IV - NEGLIGENCE -NORFOLK SOUTHERN RAILWAY COMPANY – MARCIA HAMSTRA

NOW COMES the Plaintiff, MARCIA HAMSTRA, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, (hereinafter "NORFOLK"), states as follows:

1.  On and before November 30, 2007, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

2.  On and before November 30, 2007, Defendant, NORFOLK SOUTHERN RAILWAY

COMPANY, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

3.    On and before November 30, 2007, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

4.    On November 30, 2007, Plaintiff, MARCIA HAMSTRA, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

5.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, NORFOLK.

6.    On November 30, 2007, Defendant, NORFOLK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train movements within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

7.    On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

8.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the Defendant's, NORFOLK, freight train within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

9.    On November 30, 2007, Defendant, NORFOLK, through its duly authorized agents and employees, owed Plaintiff, MARCIA HAMSTRA, a duty to exercise reasonable care.

10.    On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

   a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

   b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

   c.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

   d.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

   e.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

   f.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

   g.    Failed to slow the train pursuant to warnings on a track signal;

   h.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

i.  Operated a passenger train at a rate of speed that was greater than was reasonable;

j.  Operated the train without keeping a safe and proper lookout;

k.  Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

l.  Was otherwise negligent.

11.  As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, MARCIA HAMSTRA, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARCIA HAMSTRA, demands judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT V - FAMILY EXPENSE ACT - AMTRAK

NOW COMES the Plaintiff, JOHN N. HAMSTRA, JR., Individually, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK (hereinafter "AMTRAK"), states as follows:

1.  On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

2.  On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

3.    On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

4.    On November 30, 2007, Plaintiff's minors, JACKSON ALEXANDER HAMSTRA, LOGAN JOHN HAMSTRA and GABRIELLA FAITH HAMSTRA, were paying passengers and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

5.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

6.    On November 30, 2007, Defendant, AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

7.    On November 30, 2007, at approximately 11:32 a.m., NORFOLK SOUTHERN RAILWAY COMPANY, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

8.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the NORFOLK SOUTHERN RAILWAY COMPANY's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

9.    On November 30, 2007, Defendant, AMTRAK, through its duly authorized agents and employees, was a common carrier and owed minor Plaintiffs, JACKSON ALEXANDER HAMSTRA, LOGAN JOHN HAMSTRA and GABRIELLA FAITH HAMSTRA, the highest duty of care.

10.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and

operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the minor Plaintiffs, JACKSON ALEXANDER HAMSTRA, LOGAN JOHN HAMSTRA and GABRIELLA FAITH HAMSTRA, sustained injuries of a personal and pecuniary nature requiring medical care and their father, JOHN N. HAMSTRA, JR., has become obligated to pay various medical expenses of the minors, and brings this action pursuant to the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, Plaintiff, JOHN N. HAMSTRA, JR., Individually, demands judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, Individually, and d/b/a AMTRAK, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VI - FAMILY EXPENSE ACT -NORFOLK SOUTHERN RAILWAY COMPANY

NOW COMES the Plaintiff, JOHN N. HAMSTRA, JR., Individually, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, NORFOLK SOUTHERN RAILWAY COMPANY (hereinafter "NORFOLK"), states as follows:

16

1.    On and before November 30, 2007, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

2.    On and before November 30, 2007, Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

3.    On and before November 30, 2007, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

4.    On November 30, 2007, Plaintiff's minors, JACKSON ALEXANDER HAMSTRA, LOGAN JOHN HAMSTRA and GABRIELLA FAITH HAMSTRA, were paying passengers and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

5.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, NORFOLK.

6.    On November 30, 2007, Defendant, NORFOLK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train movements within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

17

7.    On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

8.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the Defendant's, NORFOLK, freight train within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

9.    On November 30, 2007, Defendant, NORFOLK, through its duly authorized agents and employees, owed minor Plaintiffs, JACKSON ALEXANDER HAMSTRA, LOGAN JOHN HAMSTRA and GABRIELLA FAITH HAMSTRA, a duty to exercise reasonable care.

10.    On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g. Failed to slow the train pursuant to warnings on a track signal;

h. Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

i. Operated a passenger train at a rate of speed that was greater than was reasonable;

j. Operated the train without keeping a safe and proper lookout;

k. Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

l. Was otherwise negligent.

11. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the minor Plaintiffs, JACKSON ALEXANDER HAMSTRA, LOGAN JOHN HAMSTRA and GABRIELLA FAITH HAMSTRA, sustained injuries of a personal and pecuniary nature and required medical care and their father, JOHN N. HAMSTRA, JR., has become obligated to pay various medical expenses of the minors, and brings this action pursuant to the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, Plaintiff, JOHN N. HAMSTRA, JR., Individually demands judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VII - NEGLIGENCE - COMMON CARRIER - AMTRAK – JACKSON ALEXANDER HAMSTRA

19

NOW COMES the Plaintiff, JOHN N. HAMSTRA, JR., as Father and Next Friend of JACKSON ALEXANDER HAMSTRA, a Minor, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK (hereinafter "AMTRAK"), states as follows:

1.    On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

2.    On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

3.    On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

4.    On November 30, 2007, Plaintiff, JACKSON ALEXANDER HAMSTRA, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

5.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

6.     On November 30, 2007, Defendant, AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

7.     On November 30, 2007, at approximately 11:32 a.m., NORFOLK SOUTHERN RAILWAY COMPANY, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

8.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the NORFOLK SOUTHERN RAILWAY COMPANY's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

9.     On November 30, 2007, Defendant, AMTRAK, through its duly authorized agents and employees, was a common carrier and owed Plaintiff, JACKSON ALEXANDER HAMSTRA, a minor, the highest duty of care.

10.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

    a.     Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.  Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.  Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.  Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.  Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.  Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.  Failed to slow the train pursuant to warnings on a track signal;

i.  Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.  Operated a passenger train at a rate of speed that was greater than was reasonable;

k.  Operated the train without keeping a safe and proper lookout; and

l.  Was otherwise negligent.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, JACKSON ALEXANDER HAMSTRA, a minor, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JOHN N. HAMSTRA, JR., as Father and Next Friend of JACKSON ALEXANDER HAMSTRA, a minor, demands judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, in an amount in excess

of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VIII - NEGLIGENCE -NORFOLK SOUTHERN RAILWAY COMPANY – JACKSON ALEXANDER HAMSTRA

NOW COMES the Plaintiff, JOHN N. HAMSTRA, JR., as Father and Next Friend of JACKSON ALEXANDER HAMSTRA, a Minor, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, NORFOLK SOUTHERN RAILWAY COMPANY (hereinafter "NORFOLK"), states as follows:

1.    On and before November 30, 2007, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

2.    On and before November 30, 2007, Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

3.    On and before November 30, 2007, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

4.    On November 30, 2007, Plaintiff, JACKSON ALEXANDER HAMSTRA, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

5.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain,

supervise and control by Defendant, NORFOLK.

6.     On November 30, 2007, Defendant, NORFOLK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train movements within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

7.     On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

8.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the Defendant's, NORFOLK, freight train within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

9.     On November 30, 2007, Defendant, NORFOLK, through its duly authorized agents and employees, owed Plaintiff, JACKSON ALEXANDER HAMSTRA, a minor, a duty to exercise reasonable care.

10.     On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.     Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South

24

Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.   Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.   Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.   Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.   Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.   Failed to slow the train pursuant to warnings on a track signal;

h.   Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

i.   Operated a passenger train at a rate of speed that was greater than was reasonable;

j.   Operated the train without keeping a safe and proper lookout;

k.   Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

l.   Was otherwise negligent.

11.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, JACKSON ALEXANDER HAMSTRA, a minor, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JOHN N. HAMSTRA, JR., as Father and Next Friend of JACKSON ALEXANDER HAMSTRA, a Minor, demands judgment against Defendant, NORFOLK

SOUTHERN RAILWAY COMPANY, a corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT IX - NEGLIGENCE - COMMON CARRIER - AMTRAK – LOGAN JOHN HAMSTRA

NOW COMES the Plaintiff, JOHN N. HAMSTRA, JR., as Father and Next Friend of LOGAN JOHN HAMSTRA, a Minor, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK (hereinafter "AMTRAK"), states as follows:

1.     On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

2.     On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

3.     On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

4.     On November 30, 2007, Plaintiff, LOGAN JOHN HAMSTRA, a minor, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

5.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields

Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

6.    On November 30, 2007, Defendant, AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

7.    On November 30, 2007, at approximately 11:32 a.m., NORFOLK SOUTHERN RAILWAY COMPANY, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

8.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the NORFOLK SOUTHERN RAILWAY COMPANY's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

9.    On November 30, 2007, Defendant, AMTRAK, through its duly authorized agents and employees, was a common carrier and owed Plaintiff, LOGAN JOHN HAMSTRA, a minor, the highest duty of care.

10.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

   a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer

27

of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant,  AMTRAK, the Plaintiff, LOGAN JOHN HAMSTRA, a minor, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JOHN N. HAMSTRA, JR., as Father and Next Friend of LOGAN JOHN HAMSTRA, a minor, demands judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT X - NEGLIGENCE -NORFOLK SOUTHERN RAILWAY COMPANY – LOGAN JOHN HAMSTRA

NOW COMES the Plaintiff, JOHN N. HAMSTRA, JR., as Father and Next Friend of LOGAN JOHN HAMSTRA, a minor, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, (hereinafter "NORFOLK"), states as follows:

1.      On and before November 30, 2007, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

2.      On and before November 30, 2007, Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

3.      On and before November 30, 2007, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

4.      On November 30, 2007, Plaintiff, LOGAN JOHN HAMSTRA, a minor, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

5.      On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371

traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, NORFOLK.

6.    On November 30, 2007, Defendant, NORFOLK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train movements within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

7.    On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

8.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the Defendant's, NORFOLK, freight train within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

9.    On November 30, 2007, Defendant, NORFOLK, through its duly authorized agents and employees, owed Plaintiff, LOGAN JOHN HAMSTRA, a minor, a duty to exercise reasonable care.

10.    On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

30

a.  Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.  Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.  Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.  Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.  Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.  Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.  Failed to slow the train pursuant to warnings on a track signal;

h.  Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

i.  Operated a passenger train at a rate of speed that was greater than was reasonable;

j.  Operated the train without keeping a safe and proper lookout;

k.  Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

l.  Was otherwise negligent.

11.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, LOGAN JOHN HAMSTRA, a minor,

sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JOHN N. HAMSTRA, JR., as Father and Next Friend of LOGAN JOHN HAMSTRA, a minor, demands judgment against   Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT XI - NEGLIGENCE - COMMON CARRIER - AMTRAK – GABRIELLA FAITH HAMSTRA

NOW COMES the Plaintiff, JOHN N. HAMSTRA, JR., as Father and Next Friend of GABRIELLA FAITH HAMSTRA, a minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, Individually, and d/b/a AMTRAK (hereinafter "AMTRAK"), states as follows:

1.    On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

2.    On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

3.    On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

4.    On November 30, 2007, Plaintiff, GABRIELLA FAITH HAMSTRA, a minor, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station

in Grand Rapids, Michigan.

5.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

6.    On November 30, 2007, Defendant, AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

7.    On November 30, 2007, at approximately 11:32 a.m., NORFOLK SOUTHERN RAILWAY COMPANY, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

8.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the NORFOLK SOUTHERN RAILWAY COMPANY's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

9.    On November 30, 2007, Defendant, AMTRAK, through its duly authorized agents and employees, was a common carrier and owed Plaintiff, GABRIELLA FAITH HAMSTRA, a minor, the highest duty of care.

10.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly

authorized agents and employees, was negligent in one or more of the following ways:

    a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

    g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

    h.    Failed to slow the train pursuant to warnings on a track signal;

    i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

    j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

    k.    Operated the train without keeping a safe and proper lookout; and

    l.    Was otherwise negligent.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, GABRIELLA FAITH HAMSTRA, a minor, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JOHN N. HAMSTRA, JR., Father and Next Friend of GABRIELLA FAITH HAMSTRA, a minor, demands judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT XII - NEGLIGENCE -NORFOLK SOUTHERN RAILWAY COMPANY – GABRIELLA FAITH HAMSTRA

NOW COMES the Plaintiff, JOHN N. HAMSTRA, JR., as Father and Next Friend of GABRIELLA FAITH HAMSTRA, a Minor, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation (hereinafter "NORFOLK"), states as follows:

1.    On and before November 30, 2007, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

2.    On and before November 30, 2007, Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

3.    On and before November 30, 2007, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

4.      On November 30, 2007, Plaintiff, GABRIELLA FAITH HAMSTRA, a minor, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

5.      On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, NORFOLK.

6.      On November 30, 2007, Defendant, NORFOLK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train movements within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

7.      On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

8.      On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the Defendant's, NORFOLK, freight train within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

9.      On November 30, 2007, Defendant, NORFOLK, through its duly authorized agents and employees, owed Plaintiff, GABRIELLA FAITH HAMSTRA, a minor, a duty to exercise

reasonable care.

10.     On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

    a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    d.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    e.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

    f.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

    g.    Failed to slow the train pursuant to warnings on a track signal;

    h.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

    i.    Operated a passenger train at a rate of speed that was greater than was reasonable;

    j.    Operated the train without keeping a safe and proper lookout;

    k.    Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

l.    Was otherwise negligent.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, GABRIELLA FAITH HAMSTRA, a minor, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JOHN N. HAMSTRA, JR., as Father and Next Friend of GABRIELLA FAITH HAMSTRA, a minor, demands judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT XIII - NEGLIGENCE - COMMON CARRIER - AMTRAK – BRIDGET HAMSTRA

NOW COMES the Plaintiff, BRIDGET HAMSTRA, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK (hereinafter "AMTRAK"), states as follows:

1.    On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

2.    On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

3.    On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of

Illinois.

4.   On November 30, 2007, Plaintiff, BRIDGET HAMSTRA, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

5.   On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

6.   On November 30, 2007, Defendant, AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

7.   On November 30, 2007, at approximately 11:32 a.m., NORFOLK SOUTHERN RAILWAY COMPANY, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

8.   On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the NORFOLK SOUTHERN RAILWAY COMPANY's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

39

9.    On November 30, 2007, Defendant, AMTRAK, through its duly authorized agents and employees, was a common carrier and owed Plaintiff, BRIDGET HAMSTRA, the highest duty of care.

10.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.     Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, BRIDGET HAMSTRA, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, BRIDGET HAMSTRA, demands judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT XIV - NEGLIGENCE -NORFOLK SOUTHERN RAILWAY COMPANY – BRIDGET HAMSTRA

NOW COMES the Plaintiff, BRIDGET HAMSTRA, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, NORFOLK SOUTHERN RAILWAY COMPANY (hereinafter "NORFOLK"), states as follows:

1.    On and before November 30, 2007, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

2.    On and before November 30, 2007, Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

3.    On and before November 30, 2007, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids,

Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

4.    On November 30, 2007, Plaintiff, BRIDGET HAMSTRA, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

5.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, NORFOLK.

6.    On November 30, 2007, Defendant, NORFOLK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train movements within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

7.    On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

8.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the Defendant's, NORFOLK, freight train within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

9.    On November 30, 2007, Defendant, NORFOLK, through its duly authorized agents

42

and employees, owed Plaintiff, BRIDGET HAMSTRA, a duty to exercise reasonable care.

10.   On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.   Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.   Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.   Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.   Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.   Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.   Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.   Failed to slow the train pursuant to warnings on a track signal;

h.   Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

i.   Operated a passenger train at a rate of speed that was greater than was reasonable;

j.   Operated the train without keeping a safe and proper lookout;

k.   Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

l.      Was otherwise negligent.

11.      As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of the Defendant, NORFOLK, the Plaintiff, BRIDGET HAMSTRA, sustained injuries of

a personal and pecuniary nature.

WHEREFORE, Plaintiff, BRIDGET HAMSTRA, demands judgment against Defendant,

NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, in an amount in excess of FIFTY

THOUSAND DOLLARS ($50,000.00).


_____
Attorneys for Plaintiffs


Robert A. Clifford
Thomas K. Prindable
Sean P. Driscoll
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle
31st Floor
Chicago, Illinois 60602
312/899-9090
Firm I.D.  32640

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JOHN N. HAMSTRA, SR.,         )
MARCIA HAMSTRA,          )
JOHN N. HAMSTRA, JR., Individually and  )
as Father and Next of Friend of     )
JACKSON ALEXANDER HAMSTRA, a minor, )
LOGAN JOHN HAMSTRA, a minor,   )
GABRIELLA FAITH HAMSTRA, a minor, and )
BRIDGET HAMSTRA,       )
               )
       Plaintiffs,     )
               )
               )   No:
   v.            )
               )
NATIONAL RAILROAD PASSENGER   )
CORPORATION d/b/a AMTRAK and    )
NORFOLK SOUTHERN RAILWAY    )
COMPANY, a corporation,     )
               )
       Defendants.   )   *Plaintiffs Demand Trial by Jury.*

## AFFIDAVIT REGARDING DAMAGES SOUGHT

NOW COMES the Plaintiffs JOHN N. HAMSTRA, SR., MARCIA HAMSTRA, JOHN

N. HAMSTRA, JR., Individually and as Father and Next of Friend of JACKSON ALEXANDER

HAMSTRA, a minor, LOGAN JOHN HAMSTRA, a minor, GABRIELLA FAITH HAMSTRA,

a minor, and BRIDGET HAMSTRA, by and through their attorney, THOMAS K. PRINDABLE,

your affiant and being first duly sworn under oath, states as follows:

1.    That your affiant is one of the attorneys of record for the parties in this matter.

2.    That the total money damages sought in this civil action exceeds an amount in

excess of $50,000.00.

                     _____

                     THOMAS K. PRINDABLE

[X]  Under penalties as provided by law pursuant to 735 ILCS 5/1-109 (1993), I certify that the
statements set forth herein are true and correct.