IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JOHN N. HAMSTRA, SR., MARCIA )
HAMSTRA, JOHN N. HAMSTRA, JR., )
Individually and as Father and Next Friend )
of JACKSON ALEXANDER HAMSTRA, )
LOGAN JOHN HAMSTRA, GABRIELLA )
FAITH HAMSTRA and BRIDGET )
HAMSTRA, )
　 )
       Plaintiffs, )
  )
v. )    No.:   07 C 6836
  )    Judge Rebecca Pallmeyer
NATIONAL RAILROAD PASSENGER )
CORPORATION and NORFOLK )
SOUTHERN RAILWAY COMPANY, )
  )
       Defendants. )

## NATIONAL RAILROAD PASSENGER CORPORATION'S
## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AT LAW

NOW COMES Defendant NATIONAL RAILROAD PASSENGER CORPORATION,

by its attorneys, Anderson, Rasor & Partners, LLP and for its Answer and Affirmative Defenses

to Plaintiffs' Complaint at Law states as follows:

### Count I - Amtrak - John N. Hamstra, Sr.

1.     On and before November 30, 2007, Defendant, AMTRAK, was a corporation

doing business as a common carrier engaged in the transportation of passengers and freight

between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**   Defendant admits that it was a common carrier engaged in the

transportation of passengers doing business in the state of Illinois, City of Chicago, County of

Cook, but denies the remaining allegations of this paragraph.

2.     On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY

COMPANY was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

3.    On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Amtrak admits that on November 30, 2007, that it owned, operated, maintained and supervised Amtrak train number 371, originating in Grand Rapids, Michigan, destined for Chicago, Illinois, but denies the remaining allegations of this complaint as legal conclusions of the pleader.

4.    On November 30, 2007, Plaintiff, JOHN N. HAMSTRA, SR. was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

5.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 traveled on a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

**ANSWER:**    Defendant admits that on November 30, 2007, at approximately 11:32 a.m., Amtrak train number 371 was traveling along a railroad track located near 52nd Street and

South Shields Avenue in the City of Chicago, but denies the remaining allegations of this paragraph.

6.    On November 30, 2007, Defendant AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant denies the allegations of this paragraph.

7.    On November 30, 2007, at approximately 11:32 a.m. NORFOLK SOUTHERN RAILWAY COMPANY owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that Norfolk Southern operated and supervised the movements of a freight train, portions of which it owned and maintained, which was stopped on railroad tracks located at or near 52nd Street and South Shields Avene in the City of Chicago, but denies the remaining allegations of this paragraph.

8.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 struck the rear of the NORFOLK SOUTHERN's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

9.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents

-3-

and employees, was a common carrier and owed Plaintiff, JOHN N. HAMSTRA, SR. the highest

duty of care.

**ANSWER:**    Defendant admits that it was a common carrier but admits only to those

duties imposed by law and denies the allegations of this paragraph as legal conclusions of the

pleader.

10.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly

authorized agents and employees, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and
railroad dispatchers, which would inform the engineer of the need to slow and
stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located
within the freight yard at or near 52nd Street and South Shields Avenue, City of
Chicago, County of Cook, State of Illinois between both passenger and freight
trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have
known that on prior occasions freight trains had been stopped on railroad tracks
located within the freight yard at or near 52nd Street and South Shields Avenue,
City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the
freight yard at or near 52nd Street and South Shields Avenue, City of Chicago,
County of Cook, State of Illinois;

e.    Failed to adequately maintain tracks signals located within the freight yard at or
near 52nd Street and South Shields Avenue, City of Chicago, County of Cook,
State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding
safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train
engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.      Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.      Operated a passenger train at a rate of speed that was greater than was reasonable;

k.      Operated the train without keeping a safe and proper lookout; and

l.      Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff JOHN N. HAMSTRA, SR., sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

### Count II - Norfolk Southern - John N. Hamstra, Sr.

1.    On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that it was a common carrier engaged in the transportation of passengers doing business in the state of Illinois, City of Chicago, County of Cook, but denies the remaining allegations of this paragraph.

2.    On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

3.    On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Amtrak admits that on November 30, 2007, that it owned, operated, maintained and supervised Amtrak train number 371, originating in Grand Rapids, Michigan, destined for Chicago, Illinois, but denies the remaining allegations of this complaint as legal conclusions of the pleader.

4.    On November 30, 2007, Plaintiff, JOHN N. HAMSTRA, SR. was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

5.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 traveled on a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, NORFOLK.

**ANSWER:**    Defendant admits that on November 30, 2007, at approximately 11:32 a.m., Amtrak train number 371 was traveling along a railroad track located near 52nd Street and South Shields Avenue in the City of Chicago that was owned and maintained by the Norfolk Southern, but denies the remaining allegations of this paragraph as legal conclusions of the

pleader.

6.    On November 30, 2007, Defendant NORFOLK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that the Norfolk Southern owned, operated and maintained the track signals but denies the remaining allegations of this paragraph as legal conclusions of the pleader.

7.    On November 30, 2007, at approximately 11:32 a.m. Defendant NORFOLK owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that Norfolk Southern operated and supervised the movements of a freight train, portions of which it owned and maintained, which was stopped on railroad tracks located at or near 52nd Street and South Shields Avene in the City of Chicago, but denies the remaining allegations of this paragraph.

8.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 struck the rear of the Defendant's NORFOLK, freight train within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

9.    On November 30, 2007, Defendant NORFOLK, through its duty authorized

agents and employees, owed Plaintiff, JOHN N. HAMSTRA, SR. a duty to exercise reasonable care.

**ANSWER:**    Defendant admits only that the Norfolk Southern owed those duties imposed by law.

10.    On November 30, 2007, at approximately 11:32 a.m., Defendant NORFOLK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

    a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    d.    Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    e.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

    f.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

    g.    Failed to slow the train pursuant to warnings on a track signal;

    h.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

    i.    Operated a passenger train at a rate of speed that was greater than was reasonable;

j.     Operated the train without keeping a safe and proper lookout; and

k.     Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

l.     Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

11.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff JOHN N. HAMSTRA, SR., sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

### Count III - Amtrak - Marcia Hamstra

1.     On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that it was a common carrier engaged in the transportation of passengers doing business in the state of Illinois, City of Chicago, County of Cook, but denies the remaining allegations of this paragraph.

2.     On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

3.    On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Amtrak admits that on November 30, 2007, that it owned, operated, maintained and supervised Amtrak train number 371, originating in Grand Rapids, Michigan, destined for Chicago, Illinois, but denies the remaining allegations of this complaint as legal conclusions of the pleader.

4.    On November 30, 2007, Plaintiff, MARCIA HAMSTRA was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

5.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 traveled on a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

**ANSWER:**    Defendant admits that on November 30, 2007, at approximately 11:32 a.m., Amtrak train number 371 was traveling along a railroad track located near 52nd Street and South Shields Avenue in the City of Chicago, but denies the remaining allegations of this paragraph.

6.      On November 30, 2007, Defendant AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant denies the allegations of this paragraph.

7.      On November 30, 2007, at approximately 11:32 a.m. NORFOLK SOUTHERN RAILWAY COMPANY owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that Norfolk Southern operated and supervised the movements of a freight train, portions of which it owned and maintained, which was stopped on railroad tracks located at or near 52nd Street and South Shields Avene in the City of Chicago, but denies the remaining allegations of this paragraph.

8.      On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 struck the rear of the NORFOLK SOUTHERN RAILWAY COMPANY's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

9.      On November 30, 2007, Defendant AMTRAK, through its duty authorized agents and employees, was a common carrier and owed Plaintiff, MARCIA HAMSTRA, the highest duty of care.

-11-

**ANSWER:**     Defendant admits that it was a common carrier but admits only to those duties imposed by law and denies the allegations of this paragraph as legal conclusions of the pleader.

10.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.     Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.     Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.     Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.     Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.     Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.     Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.     Failed to slow the train pursuant to warnings on a track signal;

i.     Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.     Operated a passenger train at a rate of speed that was greater than was reasonable;

k.     Operated the train without keeping a safe and proper lookout; and

l.     Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff MARCIA HAMSTRA, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

### Count IV - Norfolk Southern - Marcia Hamstra

1.     On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that it was a common carrier engaged in the transportation of passengers doing business in the state of Illinois, City of Chicago, County of Cook, but denies the remaining allegations of this paragraph.

2.     On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

3.     On and before November 30, 2007, Defendant, AMTRAK, owned, operated,

managed, maintained, supervised and controlled Amtrak train number 371, originating from
Grand Rapids, Michigan and destined for Union Station in the City of Chicago, County of Cook,
State of Illinois.

**ANSWER:**    Amtrak admits that on November 30, 2007, that it owned, operated,
maintained and supervised Amtrak train number 371, originating in Grand Rapids, Michigan,
destined for Chicago, Illinois, but denies the remaining allegations of this complaint as legal
conclusions of the pleader.

4.    On November 30, 2007, Plaintiff, MARCIA HAMSTRA, was a paying passenger
and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand
Rapids, Michigan.

**ANSWER:**    Admitted.

5.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number
371 traveled on a stretch of railroad track within a freight yard at or near 52nd Street and South
Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned,
operated, managed, maintained, supervised and controlled, or contracted to own, operate,
manage, maintain, supervise and control by Defendant, NORFOLK.

**ANSWER:**    Defendant admits that on November 30, 2007, at approximately 11:32
a.m., Amtrak train number 371 was traveling along a railroad track located near 52nd Street and
South Shields Avenue in the City of Chicago that was owned and maintained by the Norfolk
Southern, but denies the remaining allegations of this paragraph as legal conclusions of the
pleader.

6.    On November 30, 2007, Defendant NORFOLK, owned, maintained and

-14-

controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**   Defendant admits that the Norfolk Southern owned, operated and maintained the track signals but denies the remaining allegations of this paragraph as legal conclusions of the pleader.

7.      On November 30, 2007, at approximately 11:32 a.m. Defendant NORFOLK owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**   Defendant admits that Norfolk Southern operated and supervised the movements of a freight train, portions of which it owned and maintained, which was stopped on railroad tracks located at or near 52nd Street and South Shields Avene in the City of Chicago, but denies the remaining allegations of this paragraph.

8.      On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 struck the rear of the Defendant's NORFOLK, freight train within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**   Admitted.

9.      On November 30, 2007, Defendant NORFOLK, through its duty authorized agents and employees, owed Plaintiff, MARCIA HAMSTRA, a duty to exercise reasonable care.

**ANSWER:**   Defendant admits only that the Norfolk Southern owed those duties

-15-

imposed by law.

    10.    On November 30, 2007, at approximately 11:32 a.m., Defendant NORFOLK,

through its duly authorized agents and employees, was negligent in one or more of the following

ways:

    a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    d.    Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    e.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

    f.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

    g.    Failed to slow the train pursuant to warnings on a track signal;

    h.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

    i.    Operated a passenger train at a rate of speed that was greater than was reasonable;

    j.    Operated the train without keeping a safe and proper lookout;

    k.    Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

    l.    Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff MARCIA HAMSTRA sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

### Count V - Family Expense Act - Amtrak

1.    On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that it was a common carrier engaged in the transportation of passengers doing business in the state of Illinois, City of Chicago, County of Cook, but denies the remaining allegations of this paragraph.

2.    On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

3.    On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan and destined for Union Station in the City of Chicago, County of Cook,

-17-

State of Illinois.

**ANSWER:**     Amtrak admits that on November 30, 2007, that it owned, operated,

maintained and supervised Amtrak train number 371, originating in Grand Rapids, Michigan,

destined for Chicago, Illinois, but denies the remaining allegations of this complaint as legal

conclusions of the pleader.

4.     On November 30, 2007, Plaintiff's minors, JACKSON ALEXANDER

HAMSTRA, LOGAN JOHN HAMSTRA, and GABRIELLA FAITH HAMSTRA, WERE

paying passengers and boarded AMTRAK train number 371, departing from the AMTRAK

Station in Grand Rapids, Michigan.

**ANSWER:**     Admitted.

5.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number

371 traveled on a stretch of railroad track within a freight yard at or near 52nd Street and South

Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned,

operated, managed, maintained, supervised and controlled, or contracted to own, operate,

manage, maintain, supervise and control by Defendant, AMTRAK.

**ANSWER:**     Defendant admits that on November 30, 2007, at approximately 11:32

a.m., Amtrak train number 371 was traveling along a railroad track located near 52nd Street and

South Shields Avenue in the City of Chicago, but denies the remaining allegations of this

paragraph.

6.     On November 30, 2007, Defendant AMTRAK, owned, maintained and controlled

or contracted to own, operate, manage, maintain, supervise and control the track signals which

were designed to control train traffic within the freight yard at or near 52nd Street and South

Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant denies the allegations of this paragraph.

7.    On November 30, 2007, at approximately 11:32 a.m. NORFOLK SOUTHERN

RAILWAY COMPANY owned, operated, managed, maintained, supervised and controlled, or

contracted to own, operate, manage, maintain, supervise and control a certain freight train

stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields

Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that Norfolk Southern operated and supervised the

movements of a freight train, portions of which it owned and maintained, which was stopped on

railroad tracks located at or near 52nd Street and South Shields Avene in the City of Chicago, but

denies the remaining allegations of this paragraph.

8.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number

371 struck the rear of the NORFOLK SOUTHERN RAILWAY COMPANY's freight train

stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of

Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

9.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents

and employees, was a common carrier and owed minor Plaintiffs, JACKSON ALEXANDER

HAMSTRA, LOGAN JOHN HAMSTRA, and GABRIELLA FAITH HAMSTRA, the highest

duty of care.

**ANSWER:**    Defendant admits that it was a common carrier but admits only to those

duties imposed by law and denies the allegations of this paragraph as legal conclusions of the

pleader.

    10.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly

authorized agents and employees, was negligent in one or more of the following ways:

    a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    e.    Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

    g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

    h.    Failed to slow the train pursuant to warnings on a track signal;

    i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

    j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

    k.    Operated the train without keeping a safe and proper lookout; and

    l.    Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the minor Plaintiffs, JACKSON ALEXANDER HAMSTRA, LOGAN JOHN HAMSTRA, and GABRIELLA FAITH HAMSTRA, sustained injuries of a personal and pecuniary nature requiring medical care and their father, JOHN N. HAMSTRA, JR., has become obligated to pay various medical expenses of the minors, and brings this action pursuant to the Family Expense Act, 750 ILCS 65/15.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

## Count VI - Family Expense Act - Norfolk Southern

1.    On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that it was a common carrier engaged in the transportation of passengers doing business in the state of Illinois, City of Chicago, County of Cook, but denies the remaining allegations of this paragraph.

2.    On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

-21-

3.      On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Amtrak admits that on November 30, 2007, that it owned, operated, maintained and supervised Amtrak train number 371, originating in Grand Rapids, Michigan, destined for Chicago, Illinois, but denies the remaining allegations of this complaint as legal conclusions of the pleader.

4.      On November 30, 2007, Plaintiff's minors, JACKSON ALEXANDER HAMSTRA, LOGAN JOHN HAMSTRA, and GABRIELLA FAITH HAMSTRA, were paying passengers and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**     Admitted.

5.      On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 traveled on a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, NORFOLK.

**ANSWER:**     Defendant admits that on November 30, 2007, at approximately 11:32 a.m., Amtrak train number 371 was traveling along a railroad track located near 52nd Street and South Shields Avenue in the City of Chicago that was owned and maintained by the Norfolk Southern, but denies the remaining allegations of this paragraph as legal conclusions of the

pleader.

6.     On November 30, 2007, Defendant NORFOLK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Defendant admits that the Norfolk Southern owned, operated and maintained the track signals but denies the remaining allegations of this paragraph as legal conclusions of the pleader.

7.     On November 30, 2007, at approximately 11:32 a.m. Defendant NORFOLK owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Defendant admits that Norfolk Southern operated and supervised the movements of a freight train, portions of which it owned and maintained, which was stopped on railroad tracks located at or near 52nd Street and South Shields Avene in the City of Chicago, but denies the remaining allegations of this paragraph.

8.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 struck the rear of the Defendant's NORFOLK, freight train within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Admitted.

9.     On November 30, 2007, Defendant NORFOLK, through its duty authorized

agents and employees, owed minor Plaintiffs, JACKSON ALEXANDER HAMSTRA, LOGAN

JOHN HAMSTRA, and GABRIELLA FAITH HAMSTRA, a duty to exercise reasonable care.

   **ANSWER:**    Defendant admits only that the Norfolk Southern owed those duties

imposed by law.

   10.    On November 30, 2007, at approximately 11:32 a.m., Defendant NORFOLK,

through its duly authorized agents and employees, was negligent in one or more of the following

ways:

   a.    Failed to maintain adequate communication between the train engineer and
         railroad dispatchers, which would inform the engineer of the need to slow and
         stop the train;

   b.    Failed to adequately and safely coordinate the use of the railroad tracks located
         within the freight yard at or near 52nd Street and South Shields Avenue, City of
         Chicago, County of Cook, State of Illinois between both passenger and freight
         trains;

   c.    Failed to maintain its railroad tracks in a reasonably safe condition within the
         freight yard at or near 52nd Street and South Shields Avenue, City of Chicago,
         County of Cook, State of Illinois;

   d.    Failed to adequately maintain tracks signals located within the freight yard at or
         near 52nd Street and South Shields Avenue, City of Chicago, County of Cook,
         State of Illinois;

   e.    Failed to adequately train and educate its train engineers and operators regarding
         safe operation of its trains;

   f.    Failed to have a properly functioning signal system to adequately warn the train
         engineer and operator of the need to reduce speed;

   g.    Failed to slow the train pursuant to warnings on a track signal;

   h.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

   i.    Operated a passenger train at a rate of speed that was greater than was reasonable;

j.      Operated the train without keeping a safe and proper lookout; and

k.      Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

l.      Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the minor Plaintiffs JACKSON ALEXANDER HAMSTRA, LOGAN JOHN HAMSTRA, and GABRIELLA FAITH HAMSTRA, sustained injuries of a personal and pecuniary nature requiring medical care and their father, JOHN N. HAMSTRA, JR., has become obligated to pay various medical expenses of the minors, and brings this action pursuant to the Family Expense Act, 750 ILCS 65/15.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

## Count VII - Amtrak - Jackson Alexander Hamstra

1.     On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Defendant admits that it was a common carrier engaged in the transportation of passengers doing business in the state of Illinois, City of Chicago, County of Cook, but denies the remaining allegations of this paragraph.

2.      On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY
COMPANY was a corporation engaged in the business of transportation of freight between
various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**      Admitted.

3.      On and before November 30, 2007, Defendant, AMTRAK, owned, operated,
managed, maintained, supervised and controlled Amtrak train number 371, originating from
Grand Rapids, Michigan and destined for Union Station in the City of Chicago, County of Cook,
State of Illinois.

**ANSWER:**      Amtrak admits that on November 30, 2007, that it owned, operated,
maintained and supervised Amtrak train number 371, originating in Grand Rapids, Michigan,
destined for Chicago, Illinois, but denies the remaining allegations of this complaint as legal
conclusions of the pleader.

4.      On November 30, 2007, Plaintiff, JACKSON ALEXANDER HAMSTRA, was a
paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK
Station in Grand Rapids, Michigan.

**ANSWER:**      Admitted.

5.      On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number
371 traveled on a stretch of railroad track within a freight yard at or near 52nd Street and South
Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned,
operated, managed, maintained, supervised and controlled, or contracted to own, operate,
manage, maintain, supervise and control by Defendant, AMTRAK.

**ANSWER:**      Defendant admits that on November 30, 2007, at approximately 11:32

-26-

a.m., Amtrak train number 371 was traveling along a railroad track located near 52nd Street and South Shields Avenue in the City of Chicago, but denies the remaining allegations of this paragraph.

6.    On November 30, 2007, Defendant AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant denies the allegations of this paragraph.

7.    On November 30, 2007, at approximately 11:32 a.m. NORFOLK SOUTHERN RAILWAY COMPANY owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that Norfolk Southern operated and supervised the movements of a freight train, portions of which it owned and maintained, which was stopped on railroad tracks located at or near 52nd Street and South Shields Avene in the City of Chicago, but denies the remaining allegations of this paragraph.

8.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 struck the rear of the NORFOLK SOUTHERN's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

9.    On November 30, 2007, Defendant AMTRAK, through its duty authorized agents

and employees, was a common carrier and owed Plaintiff, JACKSON ALEXANDER

HAMSTRA, the highest duty of care.

**ANSWER:**    Defendant admits that it was a common carrier but admits only to those

duties imposed by law and denies the allegations of this paragraph as legal conclusions of the

pleader.

10.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly

authorized agents and employees, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

-28-

h.       Failed to slow the train pursuant to warnings on a track signal;

i.       Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.       Operated a passenger train at a rate of speed that was greater than was reasonable;

k.       Operated the train without keeping a safe and proper lookout; and

l.       Was otherwise negligent.

**ANSWER:**     Defendant denies the allegations of this paragraph.

11.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff JACKSON ALEXANDER HAMSTRA, sustained injuries of a personal and pecuniary nature.

**ANSWER:**     Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

### Count VIII - Norfolk Southern - Jackson Alexander Hamstra

1.     On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Defendant admits that it was a common carrier engaged in the transportation of passengers doing business in the state of Illinois, City of Chicago, County of Cook, but denies the remaining allegations of this paragraph.

2.     On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY was a corporation engaged in the business of transportation of freight between

various destinations, including the City of Chicago, County of Cook, State of Illinois.

    **ANSWER:**   Admitted.

    3.     On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

    **ANSWER:**   Amtrak admits that on November 30, 2007, that it owned, operated, maintained and supervised Amtrak train number 371, originating in Grand Rapids, Michigan, destined for Chicago, Illinois, but denies the remaining allegations of this complaint as legal conclusions of the pleader.

    4.     On November 30, 2007, Plaintiff, JACKSON ALEXANDER HAMSTRA was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

    **ANSWER:**   Admitted.

    5.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 traveled on a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, NORFOLK.

    **ANSWER:**   Defendant admits that on November 30, 2007, at approximately 11:32 a.m., Amtrak train number 371 was traveling along a railroad track located near 52nd Street and South Shields Avenue in the City of Chicago that was owned and maintained by the Norfolk

Southern, but denies the remaining allegations of this paragraph as legal conclusions of the pleader.

6.     On November 30, 2007, Defendant NORFOLK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Defendant admits that the Norfolk Southern owned, operated and maintained the track signals but denies the remaining allegations of this paragraph as legal conclusions of the pleader.

7.     On November 30, 2007, at approximately 11:32 a.m. Defendant NORFOLK owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Defendant admits that Norfolk Southern operated and supervised the movements of a freight train, portions of which it owned and maintained, which was stopped on railroad tracks located at or near 52nd Street and South Shields Avene in the City of Chicago, but denies the remaining allegations of this paragraph.

8.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 struck the rear of the Defendant's NORFOLK, freight train within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Admitted.

9.     On November 30, 2007, Defendant NORFOLK, through its duty authorized

agents and employees, owed Plaintiff, JACKSON ALEXANDER HAMSTRA, a minor, a duty to

exercise reasonable care.

**ANSWER:**     Defendant admits only that the Norfolk Southern owed those duties

imposed by law.

10.     On November 30, 2007, at approximately 11:32 a.m., Defendant NORFOLK,

through its duly authorized agents and employees, was negligent in one or more of the following

ways:

a.     Failed to maintain adequate communication between the train engineer and
railroad dispatchers, which would inform the engineer of the need to slow and
stop the train;

b.     Failed to adequately and safely coordinate the use of the railroad tracks located
within the freight yard at or near 52nd Street and South Shields Avenue, City of
Chicago, County of Cook, State of Illinois between both passenger and freight
trains;

c.     Failed to maintain its railroad tracks in a reasonably safe condition within the
freight yard at or near 52nd Street and South Shields Avenue, City of Chicago,
County of Cook, State of Illinois;

d.     Failed to adequately maintain tracks signals located within the freight yard at or
near 52nd Street and South Shields Avenue, City of Chicago, County of Cook,
State of Illinois;

e.     Failed to adequately train and educate its train engineers and operators regarding
safe operation of its trains;

f.     Failed to have a properly functioning signal system to adequately warn the train
engineer and operator of the need to reduce speed;

g.     Failed to slow the train pursuant to warnings on a track signal;

h.     Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

i.      Operated a passenger train at a rate of speed that was greater than was reasonable;

j.      Operated the train without keeping a safe and proper lookout; and

k.      Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

l.      Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff JACKSON ALEXANDER HAMSTRA, a minor, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

### Count IX - Amtrak - Logan John Hamstra

1.     On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that it was a common carrier engaged in the transportation of passengers doing business in the state of Illinois, City of Chicago, County of Cook, but denies the remaining allegations of this paragraph.

2.     On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY was a corporation engaged in the business of transportation of freight between

various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

3.    On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Amtrak admits that on November 30, 2007, that it owned, operated, maintained and supervised Amtrak train number 371, originating in Grand Rapids, Michigan, destined for Chicago, Illinois, but denies the remaining allegations of this complaint as legal conclusions of the pleader.

4.    On November 30, 2007, Plaintiff, LOGAN JOHN HAMSTRA, a minor, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

5.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 traveled on a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

**ANSWER:**    Defendant admits that on November 30, 2007, at approximately 11:32 a.m., Amtrak train number 371 was traveling along a railroad track located near 52nd Street and South Shields Avenue in the City of Chicago, but denies the remaining allegations of this

paragraph.

    6.      On November 30, 2007, Defendant AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

    **ANSWER:**    Defendant denies the allegations of this paragraph.

    7.      On November 30, 2007, at approximately 11:32 a.m. NORFOLK SOUTHERN RAILWAY COMPANY owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

    **ANSWER:**    Defendant admits that Norfolk Southern operated and supervised the movements of a freight train, portions of which it owned and maintained, which was stopped on railroad tracks located at or near 52nd Street and South Shields Avene in the City of Chicago, but denies the remaining allegations of this paragraph.

    8.      On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 struck the rear of the NORFOLK SOUTHERN RAILWAY COMPANY's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

    **ANSWER:**    Admitted.

    9.      On November 30, 2007, Defendant AMTRAK, through its duty authorized agents and employees, was a common carrier and owed Plaintiff, LOGAN JOHN HAMSTRA, the

highest duty of care.

**ANSWER:**     Defendant admits that it was a common carrier but admits only to those duties imposed by law and denies the allegations of this paragraph as legal conclusions of the pleader.

10.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.     Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.     Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.     Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.     Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.     Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.     Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.     Failed to slow the train pursuant to warnings on a track signal;

i.     Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.       Operated a passenger train at a rate of speed that was greater than was reasonable;

k.       Operated the train without keeping a safe and proper lookout; and

l.       Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

11.      As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff LOGAN JOHN HAMSTRA, a minor, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

### Count X - Norfolk Southern - Logan John Hamstra

1.       On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that it was a common carrier engaged in the transportation of passengers doing business in the state of Illinois, City of Chicago, County of Cook, but denies the remaining allegations of this paragraph.

2.       On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

-37-

3.     On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Amtrak admits that on November 30, 2007, that it owned, operated, maintained and supervised Amtrak train number 371, originating in Grand Rapids, Michigan, destined for Chicago, Illinois, but denies the remaining allegations of this complaint as legal conclusions of the pleader.

4.     On November 30, 2007, Plaintiff, LOGAN JOHN HAMSTRA, a minor, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

5.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 traveled on a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, NORFOLK.

**ANSWER:**    Defendant admits that on November 30, 2007, at approximately 11:32 a.m., Amtrak train number 371 was traveling along a railroad track located near 52nd Street and South Shields Avenue in the City of Chicago that was owned and maintained by the Norfolk Southern, but denies the remaining allegations of this paragraph as legal conclusions of the pleader.

-38-

6.      On November 30, 2007, Defendant NORFOLK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**   Defendant admits that the Norfolk Southern owned, operated and maintained the track signals but denies the remaining allegations of this paragraph as legal conclusions of the pleader.

7.      On November 30, 2007, at approximately 11:32 a.m. Defendant NORFOLK owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**   Defendant admits that Norfolk Southern operated and supervised the movements of a freight train, portions of which it owned and maintained, which was stopped on railroad tracks located at or near 52nd Street and South Shields Avene in the City of Chicago, but denies the remaining allegations of this paragraph.

8.      On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 struck the rear of the Defendant's NORFOLK, freight train within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**   Admitted.

9.      On November 30, 2007, Defendant NORFOLK, through its duty authorized agents and employees, owed Plaintiff, LOGAN JOHN HAMSTRA, a minor, a duty to exercise

-39-

reasonable care.

 **ANSWER:** Defendant admits only that the Norfolk Southern owed those duties

imposed by law.

 10. On November 30, 2007, at approximately 11:32 a.m., Defendant NORFOLK,

through its duly authorized agents and employees, was negligent in one or more of the following

ways:

 a. Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

 b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

 c. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

 d. Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

 e. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

 f. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

 g. Failed to slow the train pursuant to warnings on a track signal;

 h. Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

 i. Operated a passenger train at a rate of speed that was greater than was reasonable;

 j. Operated the train without keeping a safe and proper lookout; and

k.    Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

l.    Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff LOGAN JOHN HAMSTRA, a minor, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

## Count XI - Amtrak - Gabriella Faith Hamstra

1.    On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that it was a common carrier engaged in the transportation of passengers doing business in the state of Illinois, City of Chicago, County of Cook, but denies the remaining allegations of this paragraph.

2.    On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

-41-

3.      On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Amtrak admits that on November 30, 2007, that it owned, operated, maintained and supervised Amtrak train number 371, originating in Grand Rapids, Michigan, destined for Chicago, Illinois, but denies the remaining allegations of this complaint as legal conclusions of the pleader.

4.      On November 30, 2007, Plaintiff, GABRIELLA FAITH HAMSTRA, a minor, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

5.      On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 traveled on a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

**ANSWER:**    Defendant admits that on November 30, 2007, at approximately 11:32 a.m., Amtrak train number 371 was traveling along a railroad track located near 52nd Street and South Shields Avenue in the City of Chicago, but denies the remaining allegations of this paragraph.

6.      On November 30, 2007, Defendant AMTRAK, owned, maintained and controlled

or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Defendant denies the allegations of this paragraph.

7.     On November 30, 2007, at approximately 11:32 a.m. NORFOLK SOUTHERN RAILWAY COMPANY owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Defendant admits that Norfolk Southern operated and supervised the movements of a freight train, portions of which it owned and maintained, which was stopped on railroad tracks located at or near 52nd Street and South Shields Avene in the City of Chicago, but denies the remaining allegations of this paragraph.

8.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 struck the rear of the NORFOLK SOUTHERN RAILWAY COMPANY's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Admitted.

9.     On November 30, 2007, Defendant AMTRAK, through its duty authorized agents and employees, was a common carrier and owed Plaintiff, GABRIELLA FAITH HAMSTRA, a minor, the highest duty of care.

**ANSWER:**     Defendant admits that it was a common carrier but admits only to those

duties imposed by law and denies the allegations of this paragraph as legal conclusions of the

pleader.

    10.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly

authorized agents and employees, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.       Was otherwise negligent.

**ANSWER:**     Defendant denies the allegations of this paragraph.

11.       As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff GABRIELLA FAITH HAMSTRA, a minor, sustained injuries of a personal and pecuniary nature.

**ANSWER:**     Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

### Count XII - Norfolk Southern - Gabriella Faith Hamstra

1.       On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Defendant admits that it was a common carrier engaged in the transportation of passengers doing business in the state of Illinois, City of Chicago, County of Cook, but denies the remaining allegations of this paragraph.

2.       On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Admitted.

3.       On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from

Grand Rapids, Michigan and destined for Union Station in the City of Chicago, County of Cook,

State of Illinois.

    **ANSWER:**     Amtrak admits that on November 30, 2007, that it owned, operated,

maintained and supervised Amtrak train number 371, originating in Grand Rapids, Michigan,

destined for Chicago, Illinois, but denies the remaining allegations of this complaint as legal

conclusions of the pleader.

    4.     On November 30, 2007, Plaintiff, GABRIELLA FAITH HAMSTRA, a minor,

was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK

Station in Grand Rapids, Michigan.

    **ANSWER:**     Admitted.

    5.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number

371 traveled on a stretch of railroad track within a freight yard at or near 52nd Street and South

Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned,

operated, managed, maintained, supervised and controlled, or contracted to own, operate,

manage, maintain, supervise and control by Defendant, NORFOLK.

    **ANSWER:**     Defendant admits that on November 30, 2007, at approximately 11:32

a.m., Amtrak train number 371 was traveling along a railroad track located near 52nd Street and

South Shields Avenue in the City of Chicago that was owned and maintained by the Norfolk

Southern, but denies the remaining allegations of this paragraph as legal conclusions of the

pleader.

    6.     On November 30, 2007, Defendant NORFOLK, owned, maintained and

controlled or contracted to own, operate, manage, maintain, supervise and control the track

signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**   Defendant admits that the Norfolk Southern owned, operated and maintained the track signals but denies the remaining allegations of this paragraph as legal conclusions of the pleader.

7.     On November 30, 2007, at approximately 11:32 a.m. Defendant NORFOLK owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**   Defendant admits that Norfolk Southern operated and supervised the movements of a freight train, portions of which it owned and maintained, which was stopped on railroad tracks located at or near 52nd Street and South Shields Avene in the City of Chicago, but denies the remaining allegations of this paragraph.

8.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 struck the rear of the Defendant's NORFOLK, freight train within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**   Admitted.

9.     On November 30, 2007, Defendant NORFOLK, through its duty authorized agents and employees, owed Plaintiff, GABRIELLA FAITH HAMSTRA, a minor, a duty to exercise reasonable care.

**ANSWER:**    Defendant admits only that the Norfolk Southern owed those duties

imposed by law.

10.    On November 30, 2007, at approximately 11:32 a.m., Defendant NORFOLK,

through its duly authorized agents and employees, was negligent in one or more of the following

ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.    Failed to slow the train pursuant to warnings on a track signal;

h.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

i.    Operated a passenger train at a rate of speed that was greater than was reasonable;

j.    Operated the train without keeping a safe and proper lookout; and

k.    Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

l.    Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff GABRIELLA FAITH HAMSTRA, a minor, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

### Count XIII - Amtrak - Bridget Hamstra

1.    On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that it was a common carrier engaged in the transportation of passengers doing business in the state of Illinois, City of Chicago, County of Cook, but denies the remaining allegations of this paragraph.

2.    On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

3.    On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan and destined for Union Station in the City of Chicago, County of Cook,

State of Illinois.

**ANSWER:**     Amtrak admits that on November 30, 2007, that it owned, operated, maintained and supervised Amtrak train number 371, originating in Grand Rapids, Michigan, destined for Chicago, Illinois, but denies the remaining allegations of this complaint as legal conclusions of the pleader.

4.     On November 30, 2007, Plaintiff, BRIDGET HAMSTRA, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**     Admitted.

5.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 traveled on a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

**ANSWER:**     Defendant admits that on November 30, 2007, at approximately 11:32 a.m., Amtrak train number 371 was traveling along a railroad track located near 52nd Street and South Shields Avenue in the City of Chicago, but denies the remaining allegations of this paragraph.

6.     On November 30, 2007, Defendant AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Defendant denies the allegations of this paragraph.

7.     On November 30, 2007, at approximately 11:32 a.m. NORFOLK SOUTHERN

RAILWAY COMPANY owned, operated, managed, maintained, supervised and controlled, or

contracted to own, operate, manage, maintain, supervise and control a certain freight train

stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields

Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**     Defendant admits that Norfolk Southern operated and supervised the

movements of a freight train, portions of which it owned and maintained, which was stopped on

railroad tracks located at or near 52nd Street and South Shields Avene in the City of Chicago, but

denies the remaining allegations of this paragraph.

8.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number

371 struck the rear of the NORFOLK SOUTHERN RAILWAY COMPANY's freight train

stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of

Chicago, County of Cook, State of Illinois.

**ANSWER:**     Admitted.

9.     On November 30, 2007, Defendant AMTRAK, through its duty authorized agents

and employees, was a common carrier and owed Plaintiff, BRIDGET HAMSTRA, the highest

duty of care.

**ANSWER:**     Defendant admits that it was a common carrier but admits only to those

duties imposed by law and denies the allegations of this paragraph as legal conclusions of the

pleader.

10.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly

authorized agents and employees, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain tracks signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations of this paragraph.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts

and/or omissions of the Defendant, AMTRAK, the Plaintiff BRIDGET HAMSTRA, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

### Count XIV - Norfolk Southern - Bridget Hamstra

1.    On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that it was a common carrier engaged in the transportation of passengers doing business in the state of Illinois, City of Chicago, County of Cook, but denies the remaining allegations of this paragraph.

2.    On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

3.    On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Amtrak admits that on November 30, 2007, that it owned, operated,

maintained and supervised Amtrak train number 371, originating in Grand Rapids, Michigan, destined for Chicago, Illinois, but denies the remaining allegations of this complaint as legal conclusions of the pleader.

4.    On November 30, 2007, Plaintiff, BRIDGET HAMSTRA, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

**ANSWER:**    Admitted.

5.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 traveled on a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, NORFOLK.

**ANSWER:**    Defendant admits that on November 30, 2007, at approximately 11:32 a.m., Amtrak train number 371 was traveling along a railroad track located near 52nd Street and South Shields Avenue in the City of Chicago that was owned and maintained by the Norfolk Southern, but denies the remaining allegations of this paragraph as legal conclusions of the pleader.

6.    On November 30, 2007, Defendant NORFOLK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that the Norfolk Southern owned, operated and

maintained the track signals but denies the remaining allegations of this paragraph as legal conclusions of the pleader.

7.    On November 30, 2007, at approximately 11:32 a.m. Defendant NORFOLK owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendant admits that Norfolk Southern operated and supervised the movements of a freight train, portions of which it owned and maintained, which was stopped on railroad tracks located at or near 52nd Street and South Shields Avene in the City of Chicago, but denies the remaining allegations of this paragraph.

8.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK train number 371 struck the rear of the Defendant's NORFOLK, freight train within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Admitted.

9.    On November 30, 2007, Defendant NORFOLK, through its duty authorized agents and employees, owed Plaintiff, BRIDGET HAMSTRA, a duty to exercise reasonable care.

**ANSWER:**    Defendant admits only that the Norfolk Southern owed those duties imposed by law.

10.    On November 30, 2007, at approximately 11:32 a.m., Defendant NORFOLK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.     Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.     Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard  at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.     Failed to adequately maintain tracks signals located within the freight yard  at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.     Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.     Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.     Failed to slow the train pursuant to warnings on a track signal;

h.     Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

i.     Operated a passenger train at a rate of speed that was greater than was reasonable;

j.     Operated the train without keeping a safe and proper lookout; and

k.     Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

l.     Was otherwise negligent.

**ANSWER:**     Defendant denies the allegations of this paragraph.

11.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff BRIDGET HAMSTRA, sustained injuries of a personal and pecuniary nature.

-56-

**ANSWER:**    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION prays for the entry of an Order dismissing Plaintiffs' Complaint with prejudice inasmuch as plaintiffs are entitled to no recovery from this defendant.

### FIRST AFFIRMATIVE DEFENSE

Further answering Plaintiffs' Complaint but without waiver of the denials contained therein, Defendant states that the allegations of negligence are pre-empted by the Federal Railroad Safety Act of 1970, 49 U.S.C. §§20101, *et seq.*, 49 U.S.C. §§20301, *et seq.*, 49 U.S.C. §§20701, *et seq.*, and regulations promulgated therein.

### SECOND AFFIRMATIVE DEFENSE

Further answering Plaintiffs' Complaint but without waiver of the denials contained therein, Defendant states that plaintiffs have failed to mitigate their own damages as required by law.

NATIONAL RAILROAD PASSENGER
CORPORATION


By: _____
           One of its attorneys

Susan K. Laing
Anderson, Rasor & Partners, LLP
55 East Monroe, Suite 3650
Chicago, Illinois 60603
(312) 673-7813 (S.K.Laing)
susan.laing@arandpartners.com

## CERTIFICATE OF SERVICE

I, the undersigned, a non-attorney, being first duly sworn on oath, deposes and states that she served the foregoing **NATIONAL RAILROAD PASSENGER CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AT LAW** to:

Robert A. Clifford
Thomas K. Prindable
Sean P. Driscoll
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street
31st Floor
Chicago, Illinois 60602

by mailing a true copy thereof to counsel as listed above, before the hour of 5:00 p.m. on the 20th day of December, 2007.

Subscribed and Sworn To Before Me
this   20th   day of December , 2007

_____
Notary Public

"OFFICIAL SEAL"
SHARON F. DINOVO
Notary Public, State of Illinois
My Commission Expires 09/27/10

ANDERSON, RASOR & PARTNERS, LLP
55 E. Monroe Street
Suite 3650
Chicago, IL 60603
(312) 673-7800